UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JEAN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-00987-GMN-CWH |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MORTGAGE ELECTRONIC SYSTEMS, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Notice of Failure to Validate Debt (#40), filed September 21, 2011; Plaintiff's Requests for Production (#42), filed September 29, 2011; Plaintiff's Motion to Compel (#45), filed September 30, 2011; and Defendants' Motion to Stay and/or for a Protective Order (#44), filed September 30, 2011.

**1. Defendant's Motion to Strike (#40)**

By way of this motion, Defendants' request that the Court strike Plaintiff's Notice of Failure to Validate Debt (#33). Plaintiff has failed to file any sort of response to Defendants' motion. Pursuant to Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Accordingly, Defendants' motion will be granted and Plaintiff's notice (#33) shall be stricken from the record.

**2. Plaintiff's Requests for Production (#42) and Plaintiff's Motion to Compel (#45)**

The Court considers Plaintiff's motions (#42) and (#45) to be discovery papers. Pursuant to Local Rule 26-8, "[u]nless ordered by the Court, written discovery ... shall not be filed with the Court." Discovery requests are served on the party to whom the discovery is directed and discovery responses are served on the party who served the discovery request. Consequently, Plaintiff's motions shall be stricken from the record.

**3. Defendants' Motion to Stay and/or for a Protective Order (#44)**

Defendants' request that discovery in this action be stayed until a decision is entered on a pending motion to dismiss (#10) or, alternatively, that the Court enter a protective order precluding discovery until Plaintiff initiates a Rule 26(f) conference.[1]  The motion is unopposed. As previously noted, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  *See* LR 7-2(d).   In determining whether to stay discovery or enter a protective order requiring Plaintiff to initiate a Rule 26(f) conference, the Court has reviewed Defendants' motion to dismiss (#10).

Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a Rule 12(b)(6) motion.  Ordinarily, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues.  *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6  (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). There must be a "strong showing" as to why discovery should be denied.  *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Dispositive motions are frequently filed in federal practice.  An overly lenient standard for granting requests to stay due to pending dispositive motions would result in unnecessary delay in many cases.  This is particularly true where no discovery requests have been served and the court lacks the ability to assess the breadth of the discovery and the prejudice, if any, that a defendant will suffer in responding to the requests.  *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010). Ultimately, courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Based on the foregoing, the Court finds that a complete stay of discovery in this matter is inappropriate at this stage.  Nevertheless, before **any** discovery may be served or **any** party

---

[1] Defendants also request that if the Court enters a protective order that it also limit discovery to certain loans that Plaintiff is challenging.  Given that the parties have not conducted a Rule 26(f) conference and that a discovery plan has not been entered in this case, the Court finds this request premature.

1  required to respond to discovery requests, Plaintiff must initiate a Rule 26(f) conference.  *See*
2  Local Rule 26-1(d).  After the Rule 26(f) conference, Plaintiff shall submit a discovery plan that
3  must be approved before discovery moves forward.  Unless and until Plaintiff initiates the Rule
4  26(f) conference and submits a proper discovery plan, the parties shall not engage in any formal
5  discovery.

6  Based on the foregoing and good cause appearing therefore,

7  **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Notice of
8  Failure to Validate Debt (#40) is **granted**.  The Clerk of Court is instructed to **strike** Plaintiff's
9  Notice of Failure to Validate Debt (#33).

10 **IT IS FURTHER ORDERED** that the Clerk of Court shall **strike**  Plaintiff's Requests
11 for Production (#42) and Plaintiff's Motion to Compel (#45) from the record.

12 **IT IS FURTHER ORDERED** that Defendants' Motion to Stay and/or for a Protective
13 Order (#44) is **granted**.  Pursuant to Local Rule 26-1(d), Plaintiff shall initiate a Rule 26(f)
14 conference within twenty-one (21) days of this order.  Unless and until Plaintiff initiates the Rule
15 26(f) conference and submits a proper discovery plan, the parties shall not engage in any formal
16 discovery.

17 DATED this 31st day of October, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge