UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEAN MILLER,<br><br>        Plaintiff,<br>vs.<br><br>BAC HOME LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P.; BANK OF NEW YORK MELLON CO. f/k/a THE BANK OF NEW YORK; RECONTRUST COMPANY, N.A.; MERSCORP, INC.; and MORTGAGE ELECTRONIC SYSTEMS, INC.,<br><br>        Defendants. | Case No.: 2:11-cv-987-GMN-CWH<br><br>ORDER |

Pending before the Court is the Motion for Attorneys' Fees (ECF No. 57) filed by Defendants BAC Home Loans Servicing, L.P. now merged into Bank of America, N.A. ("BANA") f/k/a Countrywide Home Loans Servicing, L.P.; Bank of New York Mellon Co. ("BONY") f/k/a The Bank of New York; ReconTrust Company, N.A. ("ReconTrust"); MERSCORP, Inc. ("MERSCORP"); and Mortgage Electronic Systems, Inc. ("MERS") (collectively, "Defendants").

I. **BACKGROUND**

On December 5, 2011, the Court granted Defendants' Motion to Dismiss (ECF No. 10), and gave Plaintiff leave to amend her Complaint by December 30, 2011. (ECF No. 54.) Plaintiff did not do so, and judgment was entered in Defendants' favor on January 3, 2011. (ECF No. 55.) Defendants subsequently filed the instant motion for attorney fees (ECF No. 57), along with a Bill of Costs (ECF No. 56), the Declaration of Christina Royce (ECF No. 58),

and the Declaration of Gregory Miner (ECF No. 59).  Plaintiff did not file any opposition to the motion.

## II. LEGAL STANDARD

When a party is entitled to move for attorney's fees, the motion must include a reasonable itemization and description of the work performed, an itemization of all costs sought to be charged as part of the fee award and not otherwise taxable, and a brief summary of twelve (12) factors:

(1) the results obtained and the amount involved;
(2) the time and labor required;
(3) the novelty and difficulty of the questions involved;
(4) the skill requisite to perform the legal service properly;
(5) the preclusion of other employment by the attorney due to acceptance of the case;
(6) the customary fee;
(7) whether the fee is fixed or contingent;
(8) the time limitations imposed by the client or the circumstances;
(9) the experience, reputation, and ability of the attorney(s);
(10) the undesirability of the case, if any;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

D. Nev. R. 54-16(b).  Failure to provide the information required by Local Rule 54-16(b) in such a motion constitutes a consent to the denial of the motion. D. Nev. R. 54-16(d).  Also, the Court may grant the motion if no opposition is filed. D. Nev. R. 54-16(e).

## III. DISCUSSION

In the motion, Defendants fail to address four of the twelve factors: the preclusion of other employment by the attorney due to acceptance of the case; the time limitations imposed by the client or the circumstances; the undesirability of the case, if any; and awards in similar cases.  Here, the Court is particularly interested in the factor requiring a summary of awards in similar cases.  Because these factors are important to the Court's determination of the merit of

the motion, and the local rules give notice that failure to provide this information constitutes a consent to the denial of the motion, the Court will deny the motion.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees (ECF No. 57) is **DENIED, without prejudice.**

**DATED** this 14th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge